Filed 7/30/13  P. v. Zepeda CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244461 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA077725) |
| v. | |
| JOSE MAURICIO ZEPEDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Antonio Barreto, Jr., Judge.  Dismissed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After Deyvi Herrera died as a result of multiple gunshot wounds, Jose Mauricio Zepeda told the police that on April 2, 2010, he and Herrera, a fellow gang member, planned on shooting some rival gang members in an alley in Torrance. They were driven to the alley by Xenia Zambrano, who was to wait for them in the car. In the ensuing confrontation, Zepeda and Herrera were both shot. Zambrano transported them to the hospital.

Zepeda was charged in an information with the first degree murder of Herrera (Pen. Code, §§ 187,subd. (a), count 1),[1] and the attempted willful, deliberate and premeditated murder of John Doe (§§ 187,subd. (a), 664, count 2). As to both counts, the information specially alleged firearm-use enhancements under section 12022.53 and a criminal street gang enhancement under section under section 186.22, subdivision (b).[2]

Appearing with appointed counsel, Zepeda agreed to enter a negotiated plea of no contest to an amended count of voluntary manslaughter (§ 192, subd. (a)), and to admit newly alleged firearm-use (§12022.5, subd. (a)) and criminal street gang (§ 186.22, subd. (b)(1)(C)) enhancement allegations. In return, Zepeda was to be sentenced to an aggregate state prison term of 26 years and the remaining counts and special allegations were to be dismissed.

The record of the plea hearing established Zepeda was advised of and waived his constitutional rights and was advised of and acknowledged he understood the consequences of his plea. Counsel stipulated to a factual basis for the plea. The trial court found appellant had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea. In accordance with the plea agreement, Zepeda was sentenced to an aggregate state prison term of 26 years, consisting of the middle term of six years for voluntary manslaughter, plus ten years for the criminal street gang enhancement, plus ten years for the firearm-use enhancement.

---

[1]     Statutory references are to the Penal Code.

[2]     Zepeda's sister, Zambrano, was charged as a codefendant. She is not a party to this appeal.

The court ordered Zepeda to pay a $40 court security fee, a $30 criminal conviction assessment, and a $ 200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. Zepeda was awarded a total of 434 days of presentence credit (378 actual days and 56 days of conduct credit). The remaining counts and special allegations were dismissed on the People's motion.

Zepeda filed a timely notice of appeal. He checked only the preprinted box indicating "other" under the heading "For all other appeals" and wrote by hand, "I wish to reopen the case." There is no certificate of probable cause in the record on appeal.

We appointed counsel to represent Zepeda on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 22, 2013, we advised Zepeda he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Zepeda's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) Zepeda's appeal neither challenges a suppression motion, nor cites grounds challenging the events after the plea. Rather by seeking to reopen the case, he is challenging the validity of his plea or admission as well as the 26-year sentence imposed as part of his plea.

3

The appeal is dismissed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.